**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK LAFARGA,                                    No C-08-4420 TEH (PR)

        Petitioner,

        v.                                    ORDER TO SHOW CAUSE

M. MARTEL, WARDEN,

        Respondent.

_____/

       Petitioner, a state prisoner incarcerated at Mule Creek State Prison in Ione, California, has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Sonoma County Superior Court.

I

       On January 28, 1994, Petitioner was sentenced to 44 years in state prison following his convictions for various crimes including kidnapping, forcible rape, forcible sexual penetration, battery, assault with a deadly weapon, false imprisonment, and attempted lewd and lascivious acts, and for true findings on various

1   sentencing enhancements.  Doc. # 1 at 2.

2          On August 13, 2008, the California Supreme Court denied

3   his Petition for Writ of Habeas Corpus.

4

5                                    II

6          This Court may entertain a Petition for a Writ of Habeas

7   Corpus "in behalf of a person in custody pursuant to the judgment of

8   a State court only on the ground that he is in custody in violation

9   of the Constitution or laws or treaties of the United States."  28

10  U.S.C. § 2254(a).  It shall "award the writ or issue an order

11  directing the respondent to show cause why the writ should not be

12  granted, unless it appears from the application that the applicant

13  or person detained is not entitled thereto."  Id. § 2243.

14         Petitioner seeks federal habeas corpus relief on the

15  grounds that: (1) he was denied his Sixth Amendment right to the

16  effective assistance of counsel; and (2) because his convictions

17  exposed him only to the middle term sentence as to each crime,

18  imposition of the upper term sentence, without his admission of any

19  aggravating facts or waiver of jury trial rights, violated his Sixth

20  and Fourteenth Amendment rights under Cunningham v. California, 549

21  U.S. 270, 293 (2007) (holding that California's Determinate

22  Sentencing Law violates the Sixth Amendment because it authorizes

23  the judge, not the jury, to find the facts permitting an upper term

24  sentence); see also Blakely v. Washington, 542 U.S. 296, 310 (2004)

25  ("When a defendant pleads guilty, the State is free to seek judicial

26  sentence enhancements so long as the defendant either stipulates to

27  the relevant facts or consents to judicial factfinding.").

28
                                     2

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

Liberally construed, Petitioner's claims appear cognizable under § 2254 and merit an Answer from Respondent.  See <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

### III

For the foregoing reasons and for good cause shown,

1.    The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

2.    Respondent shall file with the Court and serve on Petitioner, within 60 days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a Writ of Habeas Corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within 30 days of his receipt of the Answer.

3.    In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the

3

Court and serve on Respondent an Opposition or Statement of Non-Opposition within 30 days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within 15 days of receipt of any Opposition.

        4.   Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

        IT IS SO ORDERED.

DATED    04/03/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.08\LaFarga-08-4420-osc.wpd

**United States District Court**
For the Northern District of California

**4**